12-2523-cv
Connecticut Association of Health Care Facilities, Inc. v. Bremby, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                              Chief Judge,

          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X
CONNECTICUT ASSOCIATION OF HEALTH
CARE FACILITIES, INC.,
          Plaintiff-Appellant,

          -v.-                                    12-2523-cv

RODERICK L. BREMBY, Commissioner of
Social Services,
          Defendant-Appellee,

**DANNEL P. MALLOY,**[*] **Governor, State of Connecticut,**
        **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Malcolm J. Harkins, III, (James F. Segroves, Proskauer Rose LLP, Washington, D.C., Michael J. Donnelly, Louis B. Todisco, Murtha Cullina LLP, Hartford, Connecticut, on the brief), Proskauer Rose LLP, Washington, D.C.

**FOR APPELLEE:**                     Caroline M. Brown, (Philip J. Peisch, on the brief), Covington & Burling LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dorsey, J.).[**]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

The Connecticut Association of Health Care Facilities, Inc. (the "Association") appeals from the judgment of the United States District Court for the District of Connecticut (Dorsey, J.), dismissing the Association's Taking Clause claim asserted in Count VI of its Complaint. In Count VI, the Association alleges a per se taking of its members' property--space in nursing homes--under Connecticut's Medicaid system. The Association alleges that Connecticut law prohibits discharging Medicaid patients from nursing homes and impairs, delays, or burdens the ability of the nursing homes to cease operations. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[*]     The Clerk of Court is directed to amend the caption as reflected above.

[**]     Judge Dorsey passed away on January 20, 2012, after issuing the ruling at issue in this case; the case was thereafter reassigned to Judge Haight.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

1.   Yee v. City of Escondido, 503 U.S. 519 (1992), forecloses the Association's Taking Clause claim.  As in Yee, the nursing homes here voluntarily accepted nursing home patients as customers.  See id. at 527.  Under Yee, a state law prohibiting the discharge or eviction of those customers is not a taking under the Fifth Amendment, especially since the nursing homes are free to discharge Medicaid patients by ceasing operations as nursing homes.  See id. at 528; see also Franklin Mem'l Hosp. v. Harvey, 575 F.3d 121, 126 (1st Cir. 2009) ("Here too, FMH is not required to serve low income patients; *it may choose to stop using its property as a hospital.*" (emphasis added)).

2.   The Association argues that nursing homes are, in effect, prohibited from ceasing operations as nursing homes because Connecticut law requires approval of the Commissioner of Social Services before a nursing home may cease operations.  See Conn. Gen. Stat. § 17b-352(b) & (e).  The plaintiffs in Yee made an almost identical argument, which the Yee Court rejected:

> Petitioners suggest that the statutory procedure for changing the use of a mobile home park is in practice "a kind of gauntlet," in that they are not in fact free to change the use of their land. Because petitioners do not claim to have run that gauntlet, however, this case provides no occasion to consider how the procedure has been applied to petitioners' property, and we accordingly confine ourselves to the face of the statute. A different case would be presented were the statute, on its face or as applied, to compel a landowner over objection to rent his property or to refrain in perpetuity from terminating a tenancy.

Yee, 503 U.S. at 528 (citations omitted).  The Association's Complaint does not allege that any of its member nursing homes have tried unsuccessfully to cease operating.  Because none of the member nursing homes "have run th[e] gauntlet," Yee controls, and the Association's claim fails.

For the foregoing reasons, and finding no merit in the Association's other arguments, we hereby **AFFIRM** the judgment of the district court.

                            FOR THE COURT:
                            CATHERINE O'HAGAN WOLFE, CLERK